DUCKER, JUDGE:
The claimants, Charles E. Evans and Lillie F. Evans, whose property located at 330 Vz Mary Street and 1602 O’Dell Avenue, Charleston, West Virginia, was subject to condemnation for highway purposes, herein ask damages in the amount of $1,201.54 because of loss of rent from their lessees or tenants for the period existing between the date the tenants were notified that the property was to be taken by the respondent and the date the property was purchased by the respondent pursuant to an option given by the claimants to the respondent.
The facts as testified to by the daughter of the claimants and as shown by the other testimony and exhibits are substantially as hereinafter stated. The respondent advised the claimants in July, 1969, that claimants’ property would be taken for highway purposes, and in September, 1969, the tenants of the claimants were notified by the respondent that they would have to move. On March 9, 1970, the claimants executed and delivered to respondent an option whereby the respondent could purchase within six months the property for the sum of $17,500.00, which option was exercised by the respondent and the property was purchased by the respondent at said price, whereupon a deed therefor, dated March 30, 1970, was executed and delivered. Both the option and the deed contained provisions releasing the respondent from all claims for damages or compensation other than the purchase price, such provision in the deed being in the following language:
“* * * it being agreed that the compensation herein provided for as purchase price is full compensation both for *228 the land herein described and for all rights and easements hereby released and all damages herein mentioned which Grantor has or may hereafter suffer.”
It appears that there was some discussion by telephone between the claimants, who lived in Maryland, and the agents of the respondent, both as to the purchase and as to loss of rent, but the respondent’s agents always told claimants that any rent claim in such a matter was a noncompensable item. There is no evidence of fraud or misrepresentation, and it was admitted the claimants were able to read.
The transaction was apparently closed by the respondent delivering the purchase price check to the sellers at a bank in Maryland and simultaneously receiving the executed deed, the claimants alleging that the respondent said the matter of rents could be claimed later, but respondent denied that any such statement was made. The statement alleged to have been made was only testified to in the form of hearsay by claimants’ daughter.
While this Court has considerable sympathy for the claimants, it is forced to adhere to the law in such cases, and where the parties here executed formal options and deeds containing releases of the claims now asserted, this Court must abide by the provisions of such releases unless fraud or other illegality in regard thereto is shown.
For the reasons stated, we are of the opinion to, and do hereby, disallow the claim and make no award thereon.
Claim disallowed.